UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASZELL REEDER,

                              Plaintiff,

        v.                                              9:16-CV-1129
                                                        (GTS/TWD)

E. ROBINSON YOUNG, et al.,

                              Defendants.

---

APPEARANCES:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

        Plaintiff Raszell Reeder commenced this action by submitting a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to

proceed in forma pauperis.  Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application").  In his

complaint, plaintiff asserted allegations of wrongdoing against more than seventy defendants

including, but not limited to, staff employed at multiple state correctional facilities, the New

York State Department of Corrections and Community Supervision ("DOCCS") Central Office,

and the New York State Office of Mental Health.  *See generally* Compl.  The wrongdoing

alleged in the complaint dated back to 1985, and allegedly occurred while plaintiff was

housed as a juvenile at Spafford Juvenile Delinquent Facility and Highland

Juvenile Delinquent Facility; and while an inmate in the custody of DOCCS at Downstate Correctional Facility, Clinton Correctional Facility, Southport Correctional Facility, Eastern New York Correctional Facility, Shawangunk Correctional Facility, Wende Correctional Facility, Great Meadow Correctional Facility, Central New York Psychiatric Center, Attica Correctional Facility, Auburn Correctional Facility, Upstate Correctional Facility, and Franklin Correctional Facility. *Id.*

By Decision and Order filed December 6, 2016, plaintiff's IFP Application was granted and the sufficiency of the complaint was considered in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 4 (the "December 2016 Order"). Accepting plaintiff's allegations as true for the purposes of the review, plaintiff alleged that he has suffered from thyroid cancer and herpes as far back as 1985, but the defendants failed to disclose these conditions to him or treat him for the conditions. *See generally* Compl.  The Court construed plaintiff's complaint to assert Eighth Amendment medical indifference claims against all defendants.  After conducting its review, the Court found that the Eighth Amendment medical indifference claims against defendants E. Robinson Young, E. Wheldon, Bill Nertoske, G. Rigaud, Paul Daughtery, M. Blauvell, V. Riveria, E. Liverson, C. Lymmerman, Z. Blunton, A. Jonathan, Doctor Ryan, Doctor Valencia, Anthony Corty Ann, Mike Sedar, Silvia Koole, Doctor Choo, Richard Bunchy, Doctor Costillo, Doctor E. Herryman, Doctor C. Ware, Doctor Punzal, Doctor Deposio, Doctor Qayyam (Wende Correctional Facility), B. McNeally, E. William, Doctor Buscema, Doctor Qayyum (Great Meadow Correctional Facility), Carmella Greasley, C. Brazier, Doctor V. Kumar, Doctor W. Goodwin, N. Smith (Registered Nurse, Franklin Correctional Facility), K. Holmes, M. Burke, and Doctor

Kim survived sua sponte review and required a response. December 2016 Order at 20.[1] The Eighth Amendment medical indifference claims against the remaining defendants were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. December 2016 Order at 21.

Presently before the Court is plaintiff's motion seeking reconsideration of the December 2016 Order. Dkt. No. 7. Plaintiff asks the Court to re-instate the Eighth Amendment medical indifference claims against the defendants that were dismissed in the December 2016 Order. *Id.*

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

---

[1] Summonses were issued for these defendants, *see* Dkt. No. 10, and service is ongoing.

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice. After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the December 2016 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for reconsideration of the December 2016 Order is denied in its entirety.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 7) is **DENIED** in all respects; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:      February 13, 2017
          Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

4