UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                                Plaintiff,

                                                                                              9:16-CV-1129
v.                                                                                    (GTS/TWD)

E. ROBINSON YOUNG, Reg. Nurse, Downstate Corr. Fac.;
E. WHELDON, Nurse Admin., Downstate Corr. Fac.; DR.
WILLIAM VERTOSKE, Dr., Southport Corr. Fac., f/k/a Bill
Nertoske; G. RIGAUD, M.D., Primary Therapist, Southport
Corr. Fac.; PAUL DAUGHTERY, Nurse Prac., Southport
Corr. Fac.; M. BLAUVELL, Reg. Nurse, Eastern Corr. Fac.;
V. RIVERIA, Reg. Nurse, Eastern Corr. Fac.; E. LIVERSON,
Reg. Nurse, Eastern Corr. Fac.; C. LYMMERMAN, Reg.
Nurse, Eastern Corr. Fac.; Z. BLUNTON, Reg. Nurse, Eastern
Corr. Fac.; A. JONATHAN, Nurse Admin., Eastern Corr. Fac.;
DOCTOR RYAN, Shawangunk Corr. Fac.; DOCTOR
VALENCIA, Shawangunk Corr. Fac.; ANTHONY CORTY
ANN, Physician, Shawangunk Corr. Fac.; MIKE SEDAR, Reg.
Nurse, Shawangunk Corr. Fac.; SILVIA KOOLE, Nurse,
Shawangunk Corr. Fac.; DOCTOR CHOO, Shawangunk Corr.
Fac.; RICHARD BUNCHY, Reg. Nurse, Shawangunk Corr.
Fac.; DOCTOR COSTILLO, Wende Corr. Fac.; DOCTOR E.
HERRYMAN, Doctor, Wende Corr. Fac.; DOCTOR C. WARE,
Doctor, Wende Corr. Fac.; DOCTOR PUNZAL, Wende Corr.
Fac.; DOCTOR DEPOSIO, Wende Corr. Fac.; DOCTOR
QAYYAM, Wende Corr. Fac.; B. McNEALLY, Nurse Admin,
Wende Corr. Fac.; E. WILLIAM, Reg. Nurse, Wende Corr. Fac.;
DOCTOR BUSCEMA, Great Meadow Corr. Fac.; DOCTOR
QAYYUM, Great Meadow Corr. Fac.; CARMELLA
GREASLEY, Nurse Admin., Great Meadow Corr. Fac.;  C.
BRAZIER, Nurse Admin., Great Meadow Corr. Fac.; DR.
VIJAY KUMAR MANDALAYWALA, Upstate Corr. Fac.;
f/k/a V. Kumar, DOCTOR W. GOODWIN, M.D., Wende Corr.
Fac.; N. SMITH, Reg. Nurse, Franklin Corr. Fac.; K. HOLMES,
Reg. Nurse, Franklin Corr. Fac.; M. BURKE, Reg. Nurse,
Franklin Corr. Fac.; and DOCTOR KIM, Doctor I, Franklin
Corr. Fac.,

                                Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

RASZELL REEDER, 94-A-6388
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN            BRIAN W. MATULA, ESQ.
Attorney General of the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Raszell Reeder ("Plaintiff") against the thirty-six above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants"), are the following: (1) Defendants' motion to dismiss Plaintiff's claims against eleven Defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and to dismiss Plaintiff's claims against the remaining twenty-five Defendants for failure to serve pursuant to Fed. R. Civ. P. 4(m); (2) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion to dismiss be granted as to the above-referenced eleven Defendants, and that Plaintiff's claims against the remaining twenty-five Defendants be *sua sponte* dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B); (2) Plaintiff's Objection to the Report-Recommendation; and (4) Plaintiff's letter-motion for leave to file an Amended Complaint. (Dkt. Nos. 52, 91, 95, 96.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Complaint is dismissed in its entirety with prejudice for the reasons stated in the Report-Recommendation; and Plaintiff's letter-motion to

for leave to file an Amended Complaint is denied.

## I.  RELEVANT BACKGROUND

### A.  Magistrate Judge Dancks' Report-Recommendation

Following the Court's *sua sponte* review of Plaintiff's Complaint and the issuance of its Decision and Order of December 6, 2016, the sole remaining claims in this action were the following: (1) Plaintiff's claim of deliberate indifference to his serious medical needs under the Eighth Amendment against Dr. Vijay Kumar Mandalaywala (originally sued as Dr. Kumar) arising from actions taken after September 6, 2013; and (2) Plaintiff's claims of deliberate indifference to his serious medical needs under the Eighth Amendment against the remaining Defendants arising from actions taken before September 6, 2013, which were allegedly fraudulently concealed. (Dkt. No. 4.)

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following seven findings of fact and conclusions of law: (1) Plaintiff's Eighth Amendment claims against ten Defendants (RN Blauvell, NP Daughtery, RN Sedar, Dr. Vertoske, Dr. Kim, RN Smith, NA Wheldon, RN Burke, Dr. Qayyam, and Dr. Ware) should be dismissed for failure to state a claim on statute-of-limitations grounds because, on closer examination, Plaintiff's Complaint fails to allege facts plausibly suggesting any fraudulent concealment by those Defendants between 1994 and 2003; (2) in the alternative, Plaintiff's Eighth Amendment claims against those ten Defendants should be dismissed for failure to state a claim, because he has failed to allege facts plausibly suggesting one or both of the elements of an Eighth Amendment claim; (3) because there is nothing in Plaintiff's Complaint or the medical records he has submitted that remotely suggests that he would be able to state a claim against these ten

Defendants if he were granted leave to amend, his claims against them should be dismissed with prejudice; (4) Plaintiff's Eighth Amendment claims against Defendant Vijay Kumar Mandalaywala should be dismissed for failure to state a claim, because he has failed to allege facts plausibly suggesting one or both of the elements of an Eighth Amendment claim; (5) again, because there is nothing in Plaintiff's Complaint or the medical records he has submitted that remotely suggests that he would be able to state a claim against Defendant Vijay Kumar Mandalaywala if he were granted leave to amend, his claims against them should be dismissed with prejudice; (6) Plaintiff's Eighth Amendment claims against the remaining twenty-five Defendants need not be subjected to a failure-to-serve analysis pursuant to Fed. R. Civ. P. 4(m) because they may be, and should be, *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the same reasons as stated above; and (7) because there is nothing in Plaintiff's Complaint or the medical records he has submitted that remotely suggests that he would be able to state a claim against these twenty-five Defendants if he were granted leave to amend, his claims against them should be dismissed with prejudice. (Dkt. No. 91, at Part IV.)

      **B.**    **Plaintiff's Objection to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts that his Eighth Amendment claims should not be dismissed because Defendants failed to properly screen and treat him for genital herpes and thyroid cancer, failed to provide him necessary medication, and failed to update his medical records to indicate that he had genital herpes and thyroid cancer, causing him to endure years of physical and mental suffering and preventing him from receiving proper diagnosis and treatment. (Dkt. No. 95.)

**II.**    **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ.*

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

³     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

Out of special solicitude to Plaintiff, the Court will assume that his Objections contain specific challenges to each portion of a Magistrate Judge Dancks' Report-Recommendation and present arguments not already presented to Magistrate Judge Dancks (although these facts are highly questionable).[5]  (*Compare* Dkt. No. 95, at 2-12 [Plf.'s Obj.] *with* Dkt. No. 91, at 7-23 [Report-Recommendation] *and* Dkt. No. 58 [Plf.'s Opp. Mem. of Law].)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and

---

J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5]   For example, the Court notes that the arguments presented in Paragraph 1 through 19 of Plaintiff's Objection appear to be merely a reiteration of arguments presented in Paragraph 3 and 4 of his opposition memorandum of law.  (*Compare* Dkt. No. 95, at ¶¶ 1-19 [Plf.'s Obj.] with Dkt. No. 58, at ¶¶ 3-4 [Plf.'s Opp'n Memo. of Law].)

reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 91.)

Turning to Plaintiff's letter-motion for leave to file an Amended Complaint, the Court need not deny that letter-motion due to its lack of the required accompanying redline/strikeout version of his proposed Amended Complaint in violation of Local Rule 7.1(a)(3). This is because, as Magistrate Judge Dancks found, the Court has found nothing in any of Plaintiff's filings suggesting that he would be able to state a claim against any of the Defendants if he were granted leave to amend.[6] The Court renders this finding even after carefully combing through the (non-redline/strike version of) Plaintiff's proposed Amended Complaint and attachments thereto, which he submitted with his Objection. (Dkt. No. 95, at 13-108.) Simply stated, Plaintiff's proposed Amended Complaint does not cure the defects contained in his original Complaint. (*Compare id. with* Dkt. No. 1.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 91) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 52) is **GRANTED** as to Defendants RN Blauvell, NP

---

[6] Leave to amend is not required where the defects in a complaint are substantive rather than merely formal, such that any amendment would not cure them. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). This rule applies even to pro se plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir. 2000); *Brown*, 1997 WL 599355, at *1.

Daughtery, RN Sedar, Dr. Vertoske, Dr. Kim, RN Smith, NA Wheldon, RN Burke, Dr. Qayyam, Dr. Ware, and Dr. Vijay Kumar Mandalaywala, and Plaintiff's claims against them are **<u>DISMISSED</u> with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claims against the remaining twenty-five Defendants listed in the caption of this Decision and Order are *sua sponte* **<u>DISMISSED</u> with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's letter-motion for leave to file an Amended Complaint (Dkt. No. 96) is **<u>DENIED</u>**.

<u>The Court certifies that any appeal from this Decision and Order would not be taken in good faith</u>.

Dated: March 26, 2018
      Syracuse, New York

*/s/ Glenn T. Suddaby*
HON. GLENN T. SUDDABY
Chief United States District Judge